# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3515
_____

United States of America

*Plaintiff - Appellee*

v.

Kevin Terrell Brown

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota - St. Paul
_____

Submitted: June 5, 2017
Filed: August 3, 2017
[Unpublished]
_____

Before WOLLMAN, ARNOLD, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

A jury found Kevin Terrell Brown guilty of conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i), (a)(1)(B)(i), and (h). Brown argues that the evidence was insufficient to support the jury's finding

that the drug-distribution conspiracy involved more than 100 kilograms of marijuana. We affirm the judgment of the district court.[1]

We review the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the verdict and giving the verdict the benefit of all reasonable inferences. United States v. Coleman, 584 F.3d 1121, 1125 (8th Cir. 2009). "We do not weigh the evidence or assess the credibility of witnesses, and we will reverse a conviction only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." Id. We conclude that overwhelming evidence supports the jury's finding that the conspiracy in this case involved more than 100 kilograms of marijuana.[2]

Anthony Harris operated a drug-trafficking organization. He purchased ten-kilogram bales of marijuana in California and Arizona and thereafter shipped the marijuana (or caused it to be shipped) to Minnesota and elsewhere through FedEx or the U.S. Postal Service. When shipping packages through FedEx, Harris usually used shipping accounts that had been set up in the name of a co-conspirator or another person connected to his organization. Law enforcement officials intercepted certain packages containing marijuana that Harris had shipped. Marijuana accounted for seventy-five to ninety percent of the weight of the intercepted packages. Brown participated in Harris's operation from at least July 2012 through September 2014.

Brown argues that the evidence was insufficient to prove that the conspiracy involved more than 100 kilograms because no witnesses testified that they had seen Brown accept the packages that were delivered to his home, nor had anyone testified

---

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

[2]In light of this holding, we need not address the government's argument that Brown waived or forfeited any challenge to the sufficiency of the evidence to support the drug-quantity finding.

that Brown kept packages in his room. Brown additionally argues that Harris could have sent the packages using shipping accounts related to Brown, without Brown's knowledge. He also contends that Harris could have retrieved the packages sent to Brown, again without Brown's knowledge. We conclude that Brown's arguments are unpersuasive.

A reasonable jury could find that Brown himself was directly responsible for more than 100 kilograms of marijuana. According to the evidence, Harris shipped to Brown at least eighteen packages that together weighed approximately 100 kilograms. U.S. Postal Service records establish that eleven packages weighing a total of at least twenty-nine kilograms were addressed to Brown and delivered to his home in St. Paul, Minnesota. FedEx business records establish that seven packages weighing a total of at least seventy-one kilograms were addressed to Brown. One FedEx package was delivered to Brown's home, and the other six were picked up at FedEx locations. The testimony of two FedEx managers established that Brown would have been required to show photo identification to pick up packages from FedEx and ordinarily would have been required to sign for them. FedEx business records also show that an account was opened in the name of Brown's girlfriend, who testified that she did not open the account and that she closed it as soon as she learned of its existence. Packages that together weighed an estimated 180 kilograms were sent using Brown's girlfriend's FedEx account or were sent directly to her home. In light of this evidence, as well as the other evidence presented at trial, a reasonable jury could find that Brown received the packages that Harris sent to him, that Brown was responsible for the packages that were shipped using his girlfriend's FedEx account, that the packages contained marijuana, and that he thus was directly responsible for more than 100 kilograms of marijuana.

A reasonable jury also could hold Brown accountable for the marijuana his co-conspirators distributed. "A defendant is responsible for the drugs distributed by his co-conspirators if their sales were made '(1) in furtherance of the conspiracy and (2) were either known to [the defendant] or were reasonably foreseeable.'" Coleman, 584

F.3d at 1125 (alteration in original) (quoting <u>United States v. Foxx</u>, 544 F.3d 943, 953 (8th Cir. 2008)).  The government presented evidence that Harris sent hundreds of kilograms of marijuana to Brown's co-conspirators for distribution and that those quantities were known or were reasonably foreseeable to Brown.

The judgment is affirmed.

_____